# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SERGIO VILLANUEVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-035-JMS-MJD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Denying Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Sergio Villanueva for a writ of habeas corpus must be denied. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

The facts pertinent to Villanueva's claims are set out by the Indiana Court of Appeals in affirming the denial of his petition for post-conviction relief: In August 2008, the State filed an eight-count information charging Villanueva with class C felony sexual misconduct with a minor, class D felony sexual battery, class D felony criminal confinement, three counts of class A misdemeanor contributing to the delinquency of a minor, class A misdemeanor resisting law enforcement, and class B misdemeanor battery. During the ensuing months, the State offered Villanueva plea agreements with determinate sentences of 28 and 30 years. On October 19, 2009, with the foregoing charges still pending, the State filed an additional charge, Class A felony child molesting. On August 17, 2010, Villanueva pled guilty to the Class A felony child molesting

charge, the remaining charges were dismissed, and Villanueva was sentenced to an executed term of 50 years.

Villanueva's plea agreement with the State included a provision waiving what would otherwise be his right to appeal. Despite this provision, Villanueva filed an appeal. The State of Indiana's motion to dismiss that appeal was granted on February 11, 2011. No petition for transfer was filed with the Indiana Supreme Court.

On March 30, 2011, Villanueva filed an action for post-conviction relief. The petition was denied after an evidentiary hearing, and that ruling was affirmed in *Villanueva v. State*, 33 N.E.3d 1211 (Ind.Ct.App.), *transfer denied,* 37 N.E.3d 960 (Ind. 2015). This action was then filed on January 27, 2016 and is governed by provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2254(a). A federal habeas court's role in reviewing state prisoner applications was modified by AEDPA "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). "Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts

in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

In addition to the foregoing substantive standard, "[i]t is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)).

> Procedural default can occur in several ways, "but two are paradigmatic." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A state prisoner can procedurally default a federal claim if he fails to "fairly present" it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Id.* Procedural default can also occur if the state court rejects a federal claim based on a state procedural rule "that is both independent of the federal question and adequate to support the judgment." *Id*. (quotation marks omitted).

*Clemons v. Pfister,* No. 14-3797, 2017 WL 74709, at *2 (7th Cir. Jan. 9, 2017)(also citing *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)); *see also Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001)(petitioner's failure to present issue to Indiana Supreme Court constituted procedural default); *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996) ("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

Procedural default, although otherwise a bar to federal habeas review, may be excused in certain circumstances. "A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster,* 786 F.3d 501, 504 (7th Cir. 2015)(internal citations omitted). "Under this cause-and-

prejudice test, a cause is defined as 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.' Prejudice means 'an error which so infected the entire trial that the resulting conviction violates due process.'" *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (internal citation omitted).

The second exception, known as the fundamental miscarriage of justice exception, requires a petitioner to show that he is actually innocent. He must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell,* 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998).

### III. Discussion

Villanueva's first claim is that trial counsel was ineffective because he advised Villanueva to reject two plea offers by the State. As will be seen, however, the state courts rejected the factual premise of this claim. The respondent argues that this claim was not fairly presented in Villanueva's petition to transfer filed with the Indiana Supreme Court, but the Court disagrees. *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)("The bottom line is that the task of the habeas court in adjudicating any issue of fair presentment is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis.")(quotation marks and citations omitted). Even if a strong case could be made for procedural default, the better course here would be to address the merits of this ineffective assistance of counsel claim. See 28 U.S.C. § 2254(b)(2); *Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013) ("[I]t makes sense (and is permissible) to reject a collateral attack on the merits while other procedural defenses, such as

[statutes of limitations,] waiver, default, or lack of exhaustion, remain in the background." (citing 28 U.S.C. § 2254(b)(2))); *Johnson v. Pollard*, 559 F.3d 746, 752 (7th Cir. 2009) ("[W]e need not address the procedural default issue raised by the State because [the petitioner]'s claim clearly fails on the merits.").

The Sixth Amendment guarantees a defendant's "right to effective assistance of counsel." *Strickland v. Washington,* 466 U.S. 668 (1984). To establish ineffective assistance, a defendant must show that counsel's performance fell below an "objective standard of reasonableness" measured by "prevailing professional norms." *Id.* at 686–688. The defendant must also affirmatively demonstrate prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. There is more. AEDPA requires a "doubly deferential" review of a state prisoner's ineffective assistance of counsel claim. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1410–11 (2011) (citation omitted). The federal habeas court must show deference both to the state court which previously reviewed the petitioner's claim, and also to trial counsel herself. *See id.; Strickland,* 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). Under 28 U.S.C. § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

As recited above, the State's offers to Villanueva were made prior to the Class A felony child molesting charge being filed on October 19, 2009. In its decision, the Indiana Court of Appeals agreed with the trial court's findings that prior to the filing of the child molesting count Villanueva refused to accept a plea agreement which required a fixed term, while after the filing

of the child molesting count Villanueva faced a Class A felony charge plus the original counts. *Villanueva v. State*, 33 N.E.3d 1211, *3. "The fifty-year sentence is therefore attributable to the addition of the more serious charge, to which Villanueva pled guilty." *Id.* The analysis of the Indiana Court of Appeals (and of the post-conviction court) was based on Villanueva having rejected plea offers by the State prior to the filing of the Class A felony child molesting charge. This analysis of the Indiana Court of Appeals was a reasonable application of the controlling Supreme Court law as established in *Strickland* because prior to the additional charge being filed it was Villanueva himself who would not accept an agreement requiring a guilty plea and a term of years. After the addition of the more serious charge, Villanueva's exposure was dramatically increased, and a plea which produced the dismissal of all the original charges was in fact reached. The first set of plea offers were withdrawn by the State once the Class A felony charge had been filed. Villanueva's attorney cannot be blamed for his client's refusal to accept what in the long run would have been a more advantageous bargain with the State. His attorney likewise cannot be blamed for the State's decision to file an additional and very serious charge. There was no deficient performance in these circumstances. The Indiana Court of Appeals' analysis of this first claim was a reasonable application of *Strickland*. "Under AEDPA, if the state-court decision was reasonable, it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011). Villanueva is therefore not entitled to habeas relief based on his first claim.

Villanueva's second claim is that the trial court erred in not compelling production of his former attorney's case file at the post-conviction hearing. This claim, however, is not cognizable under 28 U.S.C. § 2254(a) because it targets a feature of the post-conviction relief action, not the criminal prosecution itself. *See Quince v. Crosby,* 360 F.3d 1259, 1262 (11th Cir. 2004)("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an

alleged defect in a collateral proceeding does not state a basis for habeas relief."); *see also Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.)("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Villanueva is not entitled to relief based on this second claim.

Villanueva's third habeas claim is that the trial court abused its discretion in imposing sentence by considering aggravating circumstances not found by a jury. The guilty plea makes this argument a non-starter, as in *Nunley v. Bowersox*, No. 99-8001-CV-W-FJG, 2013 WL 1686526, at *10 (W.D.Mo. Apr. 18, 2013), *aff'd,* 784 F.3d 468 (8th Cir. 2015).

Apart from the absence of merit to the claim, the Indiana Court of Appeals found that this asserted error had been waived by provisions of the plea agreement and could not be brought as a freestanding claim of error. This is a state law ground that is both independent of the federal question and adequate to support the judgment. *See Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010); *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993). Additionally, this claim was not fairly presented in Villanueva's petition to transfer. Being both procedurally defaulted and meritless, Villanueva cannot obtain relief based on his third claim.

## IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Villanueva has encountered the hurdles produced by the requirement of cognizability as to the second claim and by the doctrine of procedural default as to his third claim. He has not shown the existence of circumstances permitting him to overcome these hurdles. The other claim does not warrant relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 562 U.S. 86, 101 (2011)("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *Stern v. Meisner*, 812 F.3d 606, 610 (7th Cir. 2016)("In other words, [the habeas petitioner] must show a complete absence of reasonableness in the [state] appellate court's decision.")(citing *Harrington,* 562 U.S. at 98).

Villanueva's petition for writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Villanueva has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **declines** to issue a certificate of appealability.

IT IS SO ORDERED.

Date: January 20, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

SERGIO VILLANUEVA
 210263
WABASH VALLEY CORRECTIONAL FACILITY E
Electronic Service Participant – Court Only